UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

CASEY P. FULLER, and )
others similarly situated, )
 )
     *Plaintiff,* )
 )
v. ) No. 1:04-cv-389
 ) *Edgar*
ABERCROMBIE & FITCH STORES, )
INC., an Ohio Corporation, )
 )
     *Defendant.* )

**MEMORANDUM**

**I.**     **Background**

Casey P. Fuller ("Fuller") filed this action against Abercrombie and Fitch Stores, Inc. ("Abercrombie") alleging violations of the FAIR LABOR STANDARDS ACT ("FLSA"), 29 U.S.C. §§ 201 to 219, and seeking to certify a putative collective action pursuant to § 216(b). Fuller specifically contends that, while he was a manager-in-training and an assistant manager, Abercrombie failed to pay him, and others similarly situated, overtime at the appropriate rate; and that Abercrombie required him, and others similarly situated, to work off-the-clock without any compensation. [Doc. No. 1]. Citing a previously filed action alleging a similar claim in a federal district court in Ohio [*See* Doc. No. 11, Ex. A], Abercrombie moves to stay Fuller's lawsuit pursuant to the first-to-file rule or transfer this action pursuant to 28 U.S.C. § 1404(a) [Doc. No. 9]. Fuller has responded to Abercrombie's motion [Doc. No. 13], and Abercrombie has replied to Fuller's response [Doc. No. 14]. Abercrombie's motion is now ripe for review.

## II. Discussion

Abercrombie moves to stay Fuller's lawsuit pursuant to the first-to-file rule or transfer this action pursuant to 28 U.S.C. § 1404(a) [Doc. No. 9]. Abercrombie first seeks to stay Fuller's action due to the existence of a previously filed lawsuit in federal district court in Ohio alleging a similar claim. [*See* Doc. No. 11, Ex. A]. In the alternative, Abercrombie seeks to transfer this action to the same federal district court in Ohio. Fuller objects to a stay or a transfer, arguing that neither the first-to-file rule nor § 1404(a) are applicable in this case. [Doc. No. 13].

The first-to-file "rule is a doctrine of federal comity that promotes judicial efficiency." *Thomas & Betts Corp. v. Hayes*, 222 F.Supp.2d 994, 996 (W.D. Tenn. 2002); *accord Plating Res., Inc. v. UTI Corp.*, 47 F.Supp.2d 899, 903 (N.D. Ohio 1999); *see also Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assoc., Inc.*, No. 00-3183, 2001 WL 897452, at *3 (6th Cir. July 31, 2001). The rule provides that "when duplicative lawsuits are pending in separate federal courts" "'the entire action should be decided by the court in which an action was first filed.'" *Id.* at 995 (quoting *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997)); *accord Zide Sport Shop*, 2001 WL 897452, at *3.

Duplicative lawsuits are those in which the issues "have such an identity that a determination in one action leaves little or nothing to be determined in the other." *Smith*, 129 F.3d at 361. In determining whether actions are duplicative and the first-to-file rule applies, courts consider three factors: (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625-26 (9th Cir. 1991); *Thomas & Betts*, 222 F.Supp.2d at 996; *Smithers-Oasis Co. v. Clifford Sales and Mktg.*, 194 F.Supp.2d 685, 687 (N.D. Ohio 2002); *Plating Res.*, 47 F.Supp.2d at 903-04. Importantly, the parties and issues need not be identical. *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947,

950-51 (5th Cir. 1997); *Thomas & Betts*, 222 F.Supp.2d at 996; *Plating Res.*, 47 F.Supp.2d at 903-04. Rather, the crucial inquiry is whether the parties and issues substantially overlap. *Save Power*, 121 F.3d 947, 950-51 (5th Cir. 1997); *TPM Holdings, Inc. v. Intra-Gold Indus., Inc.*, 91 F.3d 1, 4, (1st Cir. 1996); *Thomas & Betts*, 222 F.Supp.2d at 996.

The first-to-file rule should not be applied too rigidly or mechanically. *Plating Res.*, 47 F.Supp.2d at 903. Indeed, whether to apply the rule is discretionary. *Smith*, 129 F.3d at 361; *Thomas & Betts*, 222 F.Supp.2d at 996; *Plating Res.*, 47 F.Supp.2d at 903. And if the second-filed court invokes the rule, the court can either stay the second-filed action pending the outcome of the first-filed suit or transfer the second-filed action to the court of the first-filed action. *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999); *Save Power*, 121 F.3d at 952; *Alltrade*, 946 F.2d at 628-29; *Smithers-Oasis*, 194 F.Supp.2d at 688; *Plating Res.*, 47 F.Supp.2d at 903-06.

Turning to the instant case, Abercrombie contends that Fuller's action is duplicative of a lawsuit previously filed in the United States District Court for the Southern District of Ohio, *Mitchell, et al. v. Abercrombie & Fitch Co., et al.*, Case No. C-2-04-306 (the "Mitchell action"). [*See* Doc. No. 11, Kinzer Aff. at ¶¶ 1, 2; *id.*, Ex. A, Second Amended Complaint in Mitchell Action]. The Mitchell action is undoubtedly the first-filed action. The Mitchell action was originally filed on June 13, 2003, and the first amended complaint was filed on October 28, 2004. [Doc. No. 11, Kinzer Aff. at ¶ 2]. Fuller, on the other hand, filed his action on December 28, 2004. [Doc. No. 1]. Further, the Mitchell action is proceeding through discovery, and the issue of whether to send collective action notices to putative class members is to be fully briefed by July 15, 2005. [Doc. No. 11, Ex. B, Pretrial Scheduling Order in Mitchell Action]. In contrast, there is no scheduling order

in the Fuller action and discovery has not commenced. [Doc. No. 12]. The Mitchell action is the first-filed.

In addressing whether the two actions are duplicative, Abercrombie contends that Fuller's action is substantially similar to the Mitchell action. Abercrombie contends that the representative parties in the two cases are substantially similar; that the collective classes are the same; and that both actions involve the same claim. Fuller counters, arguing that the representative plaintiffs are different; that the collective classes will be different because of the opt-in feature of a class pursuant to 29 U.S.C. § 216(b); and that Fuller alleges a claim not alleged in the Mitchell action, namely that Abercrombie violated the FLSA by requiring Fuller, and others similarly situated, to work off-the-clock without any compensation.

The Court finds that the parties in the two actions substantially overlap. Though the named plaintiffs are different individuals, all are former Abercrombie employees who worked as managers-in-training and assistant managers. [*Compare* Doc. No. 1, Fuller Complaint at ¶ 17, *with* Doc. No. 11, Ex. A, Mitchell Complaint at ¶¶ 4-6]. And importantly, the claims in both actions are based on the plaintiffs' employment positions with Abercrombie. Consequently, the named plaintiffs are effectively identical. Further, both actions seek certification of the same collective class, defining the class as all current or former Abercrombie employees who worked as managers-in-training or assistant managers and were not properly compensated for overtime work. [*Compare* Doc. No. 1, Fuller Complaint at ¶¶ 3 and 26, *with* Doc. No. 11, Ex. A, Mitchell Complaint at ¶ 16]. And Abercrombie is undoubtedly the defendant in both actions. [*Compare* Doc. No. 1, Fuller Complaint at ¶ 2, *with* Doc. No. 11, Ex. A, Mitchell Complaint at ¶ 7].

The Court notes that Fuller's contentions—that the named plaintiffs are different individuals

and that, due to the opt-in feature of the collective action under 29 U.S.C. § 216(b), the collective classes in each action will be different—are correct. Nonetheless, the Court finds that neither warrants the conclusion that the parties are not substantially similar. Importantly, for the actions to be duplicative, the parties need not be identical; they need only substantially overlap. *Save Power*, 121 F.3d at 950-51; *Thomas & Betts*, 222 F.Supp.2d at 996; *Plating Res.*, 47 F.Supp.2d at 903-04. Here, the named plaintiffs and the collective classes substantially overlap. As previously noted, the named plaintiffs are all former Abercrombie employees who worked as managers-in-training and assistant managers, and their claims are based on this common characteristic. Consequently, the plaintiffs in the two actions are substantially similar. Further, both actions seek to certify the same collective classes. That the collective classes in each action will ultimately contain different individuals if both actions proceed is of little significance. For if both actions proceed, the same individuals could receive two opt-in notices for the same claim but in different courts. That such a confusing result could occur evidences that the collective classes are substantially similar.

The Court also finds that the issues and claims in the two actions substantially overlap. Both actions allege the same claim: that Abercrombie violated the FLSA by working the plaintiffs and class members more than forty hours per work and not providing appropriate overtime compensation. [*Compare* Doc. No. 1, Fuller Complaint at ¶ 30, *with* Doc. No. 11, Ex. A, Mitchell Complaint at ¶ 57]. Recognizing that both actions raise this identical claim, Fuller contends that the issues in the two actions do not substantially overlap because he alleges an additional claim. [*See* Doc. No. 13, Fuller's Response]. Specifically, unlike the Mitchell action, Fuller alleges that Abercrombie required Fuller, and others, to work off-the-clock without pay. [*Id.*].

Fuller rightly recognizes that he alleges an additional claim not included in the Mitchell

action. However, the issues in the two actions need not be identical; they need only substantially overlap. *Save Power*, 121 F.3d at 950-51; *Thomas & Betts*, 222 F.Supp.2d at 996; *Plating Res.*, 47 F.Supp.2d at 903-04. And the Court finds that, despite this additional claim, the issues in the two actions still substantially overlap. Both of Fuller's claims question whether Abercrombie's compensation policies violate the FLSA. Mitchell's action, though only alleging one claim under the FLSA, also contests the same issue. Consequently, the existence of an additional claim in the Fuller action does not undermine the appropriateness of applying the first-to-file rule.

In short, the Court concludes that a resolution in the Mitchell action leaves little to be decided in Fuller's lawsuit. Fuller's arguments—that the plaintiffs are not identical, that the collective classes will include different individuals, and that he alleges a claim not included in the Mitchell action—are correct. However, the Court finds that these differences are not sufficient to overcome the substantial similarities between the actions. The crucial issue in both cases is whether Abercrombie's policy not to compensate its managers-in-training and assistant managers at the time-and-a-half rate for overtime hours violates the FLSA. Permitting both actions to proceed to judgment risks the possibility of inconsistent results. In an effort to avoid such an outcome and having found that the two lawsuits are duplicative and that the Mitchell action is the first-filed, the Court concludes that the first-to-file rule applies in this case.

In applying that rule, the Court concludes that the appropriate course is to transfer the Fuller action to the court handling the Mitchell action, the United States District Court for the Southern District of Ohio, Eastern Division. It is important to clarify that Fuller's action is not being transferred under 28 U.S.C. § 1404(a). Rather, this case is being transferred pursuant to the Court's inherent authority under the first-to-file rule. *See Cadle*, 174 F.3d at 606; *Save Power*, 121 F.3d

at 952; *Alltrade*, 946 F.2d at 628-29; *Smithers-Oasis*, 194 F.Supp.2d at 688; *Plating Res.*, 47 F.Supp.2d at 903-06. Because Fuller's action will be transferred under the first-to-file rule, the Court does not address, and expresses no opinion on whether a transfer pursuant to § 1404(a) would be proper.

In sum, Abercrombie's motion [Doc. No. 9] will be **GRANTED** and Fuller's action will be **TRANSFERRED** to the United States District Court for the South District of Ohio, Eastern Division.

A separate order will enter.

*/s/ R. Allan Edgar*
R. ALLAN EDGAR
CHIEF UNITED STATES DISTRICT JUDGE